# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | MATTHEW F. KENNELLY | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 13 C 0190 | **DATE** | January 18, 2013 |
| **CASE TITLE** | Robert E. Morris (#2009-0037048) vs. Tom Dart, et al. | | |

**DOCKET ENTRY TEXT:**

The Court grants Plaintiff's motion to proceed *in forma pauperis* [#3] and authorizes and orders Cook County Jail officials to deduct $14.37 from Plaintiff's account, and to continue making monthly deductions in accordance with this order. The Clerk shall send a copy of this order to the Supervisor of Inmate Trust Fund Accounts, Cook County Dept. of Corrections Administrative Office, Division V, 2700 S. California, Chicago, Illinois 60608. However, summonses shall not issue at this time. The Court dismisses the complaint on file without prejudice. Plaintiff is granted until 2/21/2013 to submit an amended complaint (plus a judge's copy and service copies). Failure to submit an amended complaint by that date may result in summary dismissal of this case. The Clerk is directed to send Plaintiff with an amended civil rights complaint form and instructions along with this order.

■ [For further details see text below.]   Docketing to mail notices.

## STATEMENT

Plaintiff Robert Morris, who is in the custody of the Cook County Department of Corrections, has filed suit pursuant to 42 U.S.C. § 1983. Plaintiff claims that Defendants, jail officials, violated Plaintiff's constitutional rights by acting with deliberate indifference to his safety. More specifically, Plaintiff alleges that after he received medical treatment for injuries sustained in an attack by a fellow prisoner, he was returned to the same tier and assaulted a second time by the same prisoner.

The Court grants Plaintiff's motion to proceed *in forma pauperis*. Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is assessed an initial partial filing fee of $14.37. The supervisor of inmate trust accounts at the Cook County Jail is authorized and ordered to collect, when funds exist, the partial filing fee from Plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, the trust fund officer at Plaintiff's place of confinement is directed to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from Plaintiff's trust fund account shall be forwarded to the Clerk of Court each time the amount in the **(CONTINUED)**

mjm

account exceeds $10 until the full $350 filing fee is paid.  All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number assigned to this action.  The Cook County inmate trust account office shall notify transferee authorities of any outstanding balance in the event Plaintiff is transferred from the jail to another correctional facility.

However, Plaintiff's current complaint is insufficient, and he must submit an amended complaint if he wants to proceed with this case.  Specifically, Plaintiff's complaint does not indicate how the named Defendants were personally involved in the alleged failure to protect Plaintiff from attack.  Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under § 1983, an individual Defendant must have caused or participated in a constitutional deprivation."  *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted).  The doctrine of blanket supervisory liability (*respondeat superior*) does not apply to actions filed under 42 U.S.C. § 1983.  *See, e.g., Kinslow v. Pullara,* 538 F.3d 687, 692 (7th Cir. 2008).Plaintiff must provide basic facts describing how each named Defendant was responsible for failing to prevent the assault (for example, who was aware of the first attack but failed to segregate the two inmates; to whom did Plaintiff complain upon being placed back in the same unit, etc.).

For the foregoing reasons, the Court dismisses the complaint on file without prejudice for failure to state a claim.  Plaintiff is granted until 2/21/2013 to submit an amended complaint on the Court's required form.  The amended complaint should name as Defendants those individuals who Plaintiff contends personally failed to protect him from assault.  Plaintiff must write both the case number and the judge's name on the amended complaint, sign it, and return it to the Prisoner Correspondent.  As with every document filed with the Court, Plaintiff must provide an extra copy for the judge; he must also submit a service copy for each Defendant named in the amended complaint.  Plaintiff is cautioned that an amended pleading supersedes the original complaint and must stand complete on its own. Therefore, all allegations against all Defendants must be set forth in the amended complaint, without reference to the original complaint. Any exhibits Plaintiff wants the Court to consider in its threshold review of the amended complaint must be attached, and each copy of the amended complaint must include complete copies of any and all exhibits.  Plaintiff is advised to keep a copy for his files.

The Clerk will provide Plaintiff with an amended civil rights complaint form and instructions along with a copy of this order.  If Plaintiff fails to file an amended complaint by the date the Court has set, the Court may summarily dismiss this case.